1

2

3

**UNITED STATES DISTRICT COURT**

4

**DISTRICT OF NEVADA**

5

* * *

6

UNITED STATES OF AMERICA,

Case No. 2:17-cr-00381-JAD-CWH

7

Plaintiff,

8

v.

**ORDER AND
REPORT AND RECOMMENDATION**

9

ANA QUINONEZ TAMINI,

10

Defendant.

11

12        Presently before the court is defendant Ana Tamimi's Motion to Dismiss the indictment

13  with prejudice (ECF No. 15), filed March 5, 2018, the government's response (ECF No. 22), filed

14  April 23, 2018, and Tamimi's reply (ECF No. 25), filed May 14, 2018.

15        Also before the court is the government's motion to dismiss the indictment without

16  prejudice (ECF No. 21), filed April 23, 2018, Tamimi's response (ECF No. 26), filed May 14,

17  2018, and the government's reply (ECF No. 27), filed May 17, 2018.

18        Both parties move to dismiss the indictment, but the parties disagree on whether the

19  dismissal should be with or without prejudice.  Because the court finds no bad faith in the

20  government's motion to dismiss the indictment without prejudice under Rule 48(a), it grants the

21  government's motion and recommends that Tamimi's motion be denied as moot.

22                                    **I.  BACKGROUND**

23        The government filed a criminal complaint alleging Tamini violated 18 U.S.C. § 1542,

24  False Statements in Application and Use of Passport.  (Compl. (ECF No. 1).)  The complaint

25  alleges an individual identifying herself as Ana Gandarilla, who was later determined to be

26  Tamini, applied to renew a United States passport at a United States Post Office located in Las

27  Vegas, Nevada.  (*Id.* at ¶ 4.)  The application used the name of Ana Gandarilla and was supported

28  by a Georgia birth certificate and Nevada driver's license in that name, but the driver's license

and the passport renewal application bore Tamini's photograph. (*Id.*) The passport application raised identity questions and triggered an investigation. (*Id.* at ¶ 7.) During the investigation, Special Agent Josiah O'Neal, for the Department of State, Diplomatic Security Service, learned through interviewing Tamini and conducting various records checks that Tamini is a citizen of Mexico, who was previously deported on March 17, 2001, following a California welfare fraud conviction. (*Id.* at ¶¶ 6, 8-10.) Believing Tamini to have unlawfully entered and remained in the United States, Enforcement and Removal Officers arrested her and commenced the administrative deportation and removal process on November 16, 2017. (*Id.* at ¶ 10.)

At Tamimi's detention hearing on November 20, 2017, government counsel advised the undersigned magistrate judge Tamini was subject to an ICE detainer and the likely outcome of no bail and removal under the immigration proceedings if Tamimi was granted pretrial release under the Bail Reform Act (BRA). Tamini's attorney argued for release despite the ICE detainer. The undersigned denied the government's request for detention, fashioned pretrial release conditions for Tamimi and ordered her released, citing her ties to the community and lack of serious criminal history. (Mins. of Proceedings (ECF No. 3); Appearance Bond (ECF No. 6).)

On November 29, a federal grand jury returned an indictment for one count of False Statements in Application and Use of Passport in violation of Title 18, United States Code, Section 1542. (Indictment (ECF No. 11).) An arrest warrant was issued by the court. (Warrant (ECF No. 14).) The government represents that during the period while the arrest warrant was being processed by the clerk's office, but before it was available to the investigative agents, ICE enforcement and removal officers physically removed Tamimi to Mexico on or about December 1, 2017.

## II.  DISCUSSION

The government argues that the indictment should be dismissed without prejudice under Fed. R. Crim. P. 48(a), and that Tamimi's motion is therefore moot.

Rule 48(a) provides that the "government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." Dismissal is customarily without prejudice to the government's ability

to re-indict within the statute of limitations. *United States v. Whittemore*, 2013 U.S. Dist. LEXIS

131994 (D. Nev. Sept. 16, 2013) (citing *United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994));

*see also, United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2nd. Cir. 1974) (same, collecting

cases).

Separation of powers concerns drive the court's decision to generally defer to the

executive branch on prosecution decisions, as "[t]he Executive remains the absolute judge of

whether a prosecution should be initiated and the first and presumptively the best judge of

whether a pending prosecution should be terminated." *United States v. Hayden*, 860 F.2d 1483,

1487 (9th Cir. 1988) (*quoting United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975)). Rule

48(a) was enacted to provide a check on prosecutorial behavior because of the concern that

prosecutors were abusing this discretion and harassing defendants by indicting, dismissing, and

re-indicting without triggering the protections of the double jeopardy clause. *See Rinaldi v.*

*United States*, 434 U.S. 22, 29 n.15 (1977). The Ninth Circuit balances the need to accommodate

the prosecutor's discretionary role and the judiciary's supervisory role by considering whether the

prosecutor's motion under Rule 48(a) is made "in good faith." *United States v. Wallace*, 848 F.2d

1464, 1468 (9th Cir. 1988); *see also Rinaldi*, 434 U.S. at 30 (examining government's motive for

seeking leave to dismiss in determining appropriateness of granting Rule 48(a) motion). A

district court under Rule 48(a) therefore has discretion to deny a government's dismissal motion

if that motion is prompted by considerations clearly contrary to the public interest, or if the

dismissal would contribute to prosecutorial harassment by subjecting a defendant to "charging,

dismissing, and recharging." *Wallace*, 848 F.2d at 1468 (*citing Rinaldi*, 434 U.S. at 29 n.15).

Here, the court finds that the events which lead to Tamimi's deportation do not

demonstrate bad faith by the government. During the fraudulent passport investigation, Tamimi

was discovered to be illegally in the United States because she had previously been ordered to be

deported. An illegal alien who was deported after having committed a felony and who reenters

the United States illegally is automatically subject to the prior order of removal. 8 U.S.C. §

1231(a)(5). Removal under these circumstances is not deemed against the public interest. And

although Tamimi was released pending trial under the Bail Reform Act, the court issued no order

regarding her potential deportation.[1]  The government's authority to seek dismissal under Rule 48(a) and re-indict at a later time is not limited by the Speedy Trial Act, as the act expressly excludes the time between the government's dismissal of a charge and its re-indictment from the time in which the government must re-try a criminal defendant.  *See* 18 U.S.C. § 3161(h)(5).  If Tamini is recharged, it will be because she violated the removal order, not because of prosecutorial harassment.  Accordingly, because Tamimi has been deported and is not available for prosecution, through no act of bad faith by the government, dismissal is appropriate.  *See United States v. Hayden*, 860 F.2d 1483, 1488 (9th Cir. 1988) ("when the government requests a Rule 48(a) dismissal in good faith, the district court is duty bound to honor the request").

Because the court grants the government's motion to dismiss without prejudice, the court has not analyzed, and expresses no opinion on Tamimi's motion to dismiss with prejudice.  It is moot.  If she returns to the United States and is re-indicted, she may then move to dismiss the charges for reasons she believes are appropriate.

### III.  ORDER AND RECOMMENDATION

A magistrate judge has authority to dismiss an indictment upon motion of the government.  *See* 28 U.S.C. § 636(b)(1)(A) (a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except . . . a motion to dismiss . . . an indictment . . . made by the defendant).  In this matter, however, the court is also denying as moot Tamimi's motion to dismiss.  Accordingly, the court also submits this decision as a report and recommendation on the question of whether her motion is moot.  *See* 28 U.S.C. § 636(b)(1)(B).

Accordingly,

IT IS HEREBY ORDERED that the government's motion to dismiss the indictment without prejudice (ECF No. 21) is GRANTED.

IT IS RECOMMENDED that defendant Tamimi's motion to dismiss the indictment with prejudice (ECF No. 15) be DENIED.

---

[1] Tamini was denied bail under the removal proceedings because in her situation, ICE "shall detain the alien."  *See* 8 U.S.C. § 1231(a)(2).

Page 4 of 5

1

**IV.  NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 29, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE